UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION               MDL No. 2570

_____

This Document Relates to Plaintiff
Elizabeth Jane Hill
Civil Case No. 1:14-cv-06016-RLY-TAB

_____

**COOK DEFENDANTS'**
**MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

The Cook Defendants[1] respectfully ask this Court to grant their motion for partial judgment on the pleadings. As explained below, the Cook Defendants are entitled to judgment on the pleadings on plaintiff Elizabeth Hill's claims for consumer fraud, breach of express and implied warranties, and negligence *per se*.

**ARGUMENT**

**1. Standard of Review**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed the Complaint and the Answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The standard for judgment on the pleadings under Rule 12(c) is the same as the standard for dismissal under Rule 12(b)(6): the plaintiff must state a claim that is plausible on its face under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Vinson v. Vermillion County, Ill.*,

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS (collectively "Cook Defendants").

776 F.3d 924, 928 (7th Cir. 2015); *Ball v. City of Indianapolis*, 760 F.3d 636, 643(7th Cir. 2014). The Court may grant a Rule 12(c) motion if "the plaintiff cannot prove any facts that would support [her] claim for relief." *Id.* In ruling on a motion for judgment on the pleadings, the Court must "accept as true all well-pleaded facts," *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000), and must "view the facts in the complaint in the light most favorable to the nonmoving party." *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452.

   2. **Florida does not recognize a consumer fraud claim for personal injury.**

The Court should dismiss Plaintiff's claim based on statutory consumer fraud and deceptive trade practices because Florida, whose law governs, does not permit such claims. In her Short Form Complaint, Ms. Hill asserts a claim under Count VII of the Master Complaint, based on alleged violations of applicable state law prohibiting consumer fraud and unfair and deceptive trade practices. ECF No. 684, at 3.[2] Specifically, Ms. Hill references a violation of "Applicable Washington, D.C. Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices." Based on her pleadings, however, Ms. Hill's claims arise under Florida law, not District of Columbia law. Ms. Hill's Short Form Complaint acknowledges that Florida was her state of residence at the time of the implant, her state of residence at the time of the injury, her current state of residence, and the state where the implantation occurred. *Id.* at 1-3. In contrast, Ms. Hill alleges no connections to Washington, D.C. and no basis for the application of its consumer fraud or unfair competition statutes. *See* <u>Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.</u>, 485 F.3d 1233, 1240 (11th Cir. 2007) (observing that, when a tort is involved, Florida determines choice of law based on which state has the "most significant relationship" to the cause of action). Plaintiffs' reference to "Applicable Washington, D.C.

---

[2] Hill's original complaint did not assert any consumer fraud claims. *See* Complaint, No. 8:14-cv-02738-CEH-AEP, Dkt. 1 (Oct. 30, 2014).

Law" is apparently an error.

Florida's statutes addressing consumer fraud and deceptive practices do not allow a claim based on personal injury. *See* Fl. Stat. Ann § 501.212(3) (noting that "this part does not apply to . . . [a] claim for personal injury or death . . . ."); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842 (N.D. Fla. 1995) (dismissing personal injury claim asserted under Florida's Deceptive and Unfair Trade Practices Act because the "the Act explicitly states that it does not apply to '[a] claim for personal injury or death'"); *see also Echols v. RJ Reynolds Tobacco Co.*, No. 2:13–CV–14215, 2014 WL 5305633, at *5 (Oct. 15, 2014) (same); *Taviere v. Precision Motor Cars, Inc.*, No. 8:09-cv-467-TTBM, 2010 WL 557347, at *5 (M.D. Fla. Feb. 12, 2010) (same). Ms. Hill's claim based on deceptive trade practices or consumer fraud statutes thus fails as a matter of Florida law, and the Court should dismiss that claim.

**3. The Court should dismiss Plaintiff's breach-of-warranty claims for the lack of any allegation of privity.**

The Court should dismiss Plaintiff's claims based on express and implied warranty because Plaintiff does not alleged the privity of contract required by Florida law. Ms. Hill alleges breach of express warranty under Count V of the Master Complaint and breach of implied warranty under Count VI of the Master Complaint. ECF No. 684, at 3. But Florida law requires privity for breach of warranty claims: "It is well established law in Florida that warranty-based claims, including breach of express warranty, require privity of contract between the parties." *Kaiser v. Depuy Spine, Inc.*, 944 F. Supp. 2d 1187, 1193 (M.D. Fla. 2013). Under Florida law, "no privity exists, and a breach of warranty claim fails, where the plaintiff did not purchase the product from the defendant." *Id.* (citing *Cooper v. Old Williamsburg Candle Corp.*, 653 F.Supp.2d 1220, 1226 (M.D.Fla.2009)); *see also T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (same).

3

Ms. Hill does not allege that she purchased her Cook Celect Vena Cava Filter directly from any of the Defendants; her Complaint mentions only her surgeon and her hospital. ECF No. 684, at 3. This is consistent with the pattern that other medical device cases have demonstrated: patients do not purchase implanted medical devices directly from the manufacturer. For example, the court in *Kaiser* refused to allow the plaintiff to amend his complaint to assert a breach of warranty claim, concluding that such an amendment would have been futile given the surgical implantation of the medical device by a physician. The *T.W.M.* court likewise dismissed the plaintiffs' warranty claims because the plaintiffs did not allege that the implant at issue was purchased directly from the defendant or that they contracted with the defendant. *Id.*

The same circumstance justifies the same result here. Ms. Hill's Short Form Complaint asserts that the Cook Celect Vena Cava Filter was implanted in her by Dr. Michael Zuzga at Mease Countryside Hospital in Safety Harbor, Florida. ECF No. 684, ¶¶ 10, 12, 13. The Master Complaint acknowledges that plaintiffs' attending physicians determined which IVC filters to use for implantation, Master Consolidated Compl. for Individual Claims, ECF No. 213, ¶ 106, and the Short Form complaint alleges that Ms. Hill's surgeon actually implanted the filter. ECF No. 684, §§ 11-13. Nothing in these or any other portion of Plaintiff's pleadings alleges (or could allege, consistent with Rule 11) that Ms. Hill purchased her filter from any of the Defendants or was otherwise in privity with any of them. The Cook Defendants are therefore entitled to judgment on Ms. Hill's breach of warranty claims.

   4. **Florida law does not permit a negligence *per se* claim based on alleged violations of the FDCA.**

The Court should dismiss Plaintiff's negligence *per se* claim based on alleged violations of the federal Food, Drug, and Cosmetic Act ("FDCA") and its implementing regulations. *See*

4

Short Form Compl. ¶ 14; Master Compl. Count IV. Florida law does not recognize a negligence *per se* claim on such a basis.

Under Florida law, the violation of a statute gives rise to civil liability under the theory of negligence *per se* only if the statute indicates an intent to create a private cause of action. *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994). The FDCA, including all of the provisions of the FDCA cited in count IV of the Master Complaint, does not indicate any intent to create a private right of action; on the contrary, it provides that all enforcement actions "shall be by and in the name of the United States." 21 U.S.C. § 337(a). Based on this, multiple decisions have ruled that Florida law does *not* recognize a cause of action for negligence *per se* based on alleged violations of the FDCA. *See McClelland v. Medtronic, Inc.*, No. No. 6:11–CV–1444–Orl–36KRS, 2012 WL 5077401, at (M.D. Fla. Sept. 27, 2012) (applying Florida law in in medical device case, dismissing negligence *per se* claim that rely on alleged violations of the FDCA); *Metz v. Wyeth, LLC*, 872 F. Supp. 2d 1335 (M.D. Fla. 2012) (similar in generic drug case); *Blinn v. Smith & Nephew Richards, Inc.*, 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999) ("The FDCA expressly prohibits private claims for violations of that statute, 21 U.S.C. § 337(a), strongly evidencing a legislative intent not to create a private cause of action."); *Stevens v. Danek Med., Inc.*, No. 95-14293-CIV-PAINE, 1999 WL 33217282 (S.D. Fla. Apr. 16, 1999) (same).

Hill's attempt to invoke a negligence *per se* claim based on alleged FDCA violations fails as a matter of Florida law, and the Court should dismiss Plaintiff's negligence *per se* claim on this ground.

## CONCLUSION

For the reasons detailed above, the Court should grant judgment on the pleadings on Ms. Hill's claims for consumer fraud, breach of warranty, and negligence *per se*.


Dated: March 27, 2017				Respectfully submitted,

							/s/ John T. Schlafer
							Andrea Roberts Pierson, Co-Lead Counsel
							John T. Schlafer
							FAEGRE BAKER DANIELS LLP
							300 North Meridian Street, Suite 2700
							Indianapolis, Indiana  46204
							Telephone:	(317) 237-0300
							Facsimile:	(317) 237-1000
							andrea.pierson@faegrebd.com
							john.schlafer@faegrebd.com

							James Stephen Bennett, Co-Lead Counsel
							FAEGRE BAKER DANIELS LLP
							110 W. Berry Street, Suite 2400
							Fort Wayne, Indiana  46802
							Telephone:	(260) 424-8000
							Facsimile:	(260) 460-1700
							stephen.bennett@faegrebd.com

							*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2017, a copy of the foregoing COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ John T. Schlafer